CHARLES v. POER

(March 10, 1930. Opinion and Decree.)

Leo L. Dubourg and Dart & Dart, of New Orleans, attorneys for plaintiff, appellee.

H. W. Kaiser, Thomas Tomeny and John H. Hammel, Jr., of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. Plaintiff, an electrical contractor, brings this suit against

the defendant for the sum of $340 alleging that $297 of that amount was due him under a written contract, and the remainder as compensation for extra work not provided for in the contract.

There was judgment below as prayed for, and defendant has appealed.

The defendant Poer, an experienced real estate dealer, requested the New Orleans Public Service, Inc., to send a representative to a building which he was constructing for his own account, and without a contractor or architect, in order that he might be supplied with an estimate of the cost of electrical wiring and fixtures, which he desired to have installed in the building. The public service company, in response to defendant's request, sent two men to the premises, Heintz and Andry. Heintz represented the plaintiff Elliot M. Charles, and Andry was an employee of the public service company. Poer informed Messrs. Heintz and Andry of the number and character of fixtures desired and their location in the premises, whereupon a form of contract was prepared which, omitting the fixtures to be installed, reads as follows:

"E. M. Charles, Electrical Contractor
"Wiring, Repairing, Fixtures.
  "1314 Tulane Avenue.
  "New Orleans, La. 9-10 1927
"An agreement between N. O. P. S. Inc. and E. M. Charles to install the following electrical work in premises of Mr. W. L. Poer at 2611-13 St. James Street.
"List of electrical fixtures.
"The above to be installed for the sum of $297.00 to be paid immediately upon completion of the work and approval of the work installed by us is to be furnished by the City Electrician.
"Accepted    W. L. Poer (Signed)."

This instrument bears no other signature than that of Mr. Poer, and it is Poer's contention that it evidences a contract between himself and the public service. He insists that he did not know that Charles had anything to do wth it, but thought he was dealing with the public service, with which corporation he had had satisfactory dealings in the past, and that if he had known that Charles was to do the work, he would not have consented to have him do it. He also says that he signed this paper in blank, and that the substance of the contract with reference to the fixtures was, thereafter, inserted. He defends on other grounds which need not be noticed at this time.

The record indicates that the New Orleans Public Service does not ordinarily undertake contracts for wiring but, that as an inducement for individuals to have their premises wired, and in order that they might become its customers for electrical current, it finances such contracts under what is called the "Club Plan." The "Club Plan" contemplates the division of the cost into twelve monthly installments, which are added to the monthly bills of the customers for electrical current. That when this plan is adopted, the public service contracts with some local contractor for the installation of the work, the plaintiff Charles being often engaged for that purpose. It was Poer's original intention to have his property wired on the club plan, but the estimate on that basis was something in excess of $300, which he considered too much and concluded to pay cash. Inasmuch as the public service does not undertake wiring on a cash basis, its agent, Andry, obtained a letter from Mr. Poer which reads as follows:

"New Orleans, La. Dated 9-10-27
"New Orleans Public Service, Inc. Wiring Department.
"Gentlemen: Through Mr. G. V. Andry salesman in wiring department, I have decided to wire premises No. 2611-13 St. James Avenue, through Mr. E. M. Charles, Electrical contractor for cash, for the sum of $297.00 and not taking advantage of your Club Plan Offer.
"Yours very truly,
"(Signed) W. L. Poer, owner
"444-46 Audubon Bldg., address."

When confronted with this letter on the witness stand, Mr. Poer admitted his signature but denied any knowledge of its contents.

The plaintiff Charles performed his obligation under the contract, though not altogether to the satisfaction of Mr. Poer, and demanded his compensation which, being refused, this suit followed.

Our conclusion is that the judgment of the trial court is correct. Whatever may have been the original intention of Mr. Poer as to his desire to contract with the public service, the facts developed by the record convince us that he intended to, and did contract with the plaintiff Charles. He signed the form of contract presented to him which clearly showed that Charles was to do the work, though for the public service, and he signed the letter, the effect of which was to supplant the public service as a party to the contract with Charles.

The other defenses which referred to the manner of the execution of the contract and the location of the fixtures are not insisted upon in this court, counsel stating in his argument that the only issue for our consideration being that of contract vel non.

For the reasons assigned, the judgment appealed from is affirmed.